# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DR. SEGUN PATRICK ADEOYE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-83 |
| | § | Judge Mazzant |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Opposed Motion to Recuse (Dkt. #19). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This civil action arises under 42 U.S.C. § 1983 and the Federal Tort Claims Act and is a splinter of *United States v. Ita et al.*, 4:21-cr-253, a criminal matter the Court presided over in which Plaintiff was a defendant. *Ita* concerned various conspiracies to commit wire fraud and money laundering (*Ita*, Dkt. #73).[1] The jury in *Ita* acquitted Plaintiff of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (*Ita*, Dkt. #1261).

Now, Plaintiff seeks to recover from the United States over $370,000,000 in damages for constitutional violations he claims to have been subjected to during his criminal prosecution in *Ita*

---

[1]  The Court will cite to this civil action by referencing the appropriate docket number. *See, e.g.*, (Dkt. #[ ]). Because this case stems from an underlying criminal prosecution, *United States v. Ita et al.*, 4:21-cr-253, the Court will occasionally cite to that case's Docket. Citations to *Ita* will be cited as "*Ita*" with a corresponding docket number. *See, e.g.*, (*Ita*, Dkt. # [ ]).

(Dkt. #1 at pp. 13–14).  Plaintiff brings causes of action against the United States under 42 U.S.C. § 1983 for alleged violations of his due process rights, the Speedy Trial Act, and negligence for the handling of his prosecution and investigation (*See* Dkt. #1).

The Government has moved to dismiss Plaintiff's case in entirety (Dkt. #12). Plaintiff has requested that the undersigned recuse (Dkt. #19). The Government opposes that request and has responded accordingly (Dkt. #22). Before resolving the Government's Motion to Dismiss (Dkt. #12), the Court must decide whether recusal is appropriate. As explained below, it is not. Accordingly, Plaintiff's Motion should be denied.

## LEGAL STANDARD

Disqualification and recusal of a federal judge are governed by 28 U.S.C. § 144 and § 455. Under § 144, recusal is required when a judge "has a personal bias or prejudice" against or in favor of any party in a case. Under § 455, a judge must disqualify himself "if his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff's Motion does not specify under which statute he seeks the undersigned's recusal (*See* Dkt. #19). In an abundance of caution, the Court will consider Plaintiff's Motion under both § 144 and § 455.

Under § 144, "when a party . . . makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding." *Shugart v. Hoover*, No. 4:17-CV-633, 2018 WL 647769, at *1 (E.D. Tex. Jan. 31, 2018) (quoting *Thornton v. Hughes, Watters & Askanase, LLP*, No. 2:16-CV-66, 2016 WL 8710442, at *5 (S.D. Tex. Oct. 21, 2016), *report and recommendation adopted*, No. 2:16-CV-66, 2016 WL 6775676 (S.D. Tex. Nov. 16, 2016) (citing 28 U.S.C. § 144)). An affidavit is legally

sufficient if it meets the following requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, would convince a reasonable person that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature." *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990) (citing *Parrish v. Bd. of Comm'rs of Ala. State Bar*, 524 F.2d 98, 100 (5th Cir. 1975), *cert denied*, 425 U.S. 944 (1976)); *United States v. Merkt*, 794 F.2d 950, 960 n.9 (5th Cir. 1986). If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. *See Henderson*, 901 F.2d at 1296 (holding that referral is irrelevant if a § 144 affidavit is insufficient).

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793–94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear that "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added) (internal quotation omitted); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156–57 (5th Cir.

3

1995). "Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety." *Shugart*, 2018 WL 647769, at *2 (citing H.R. REP. NO. 93-1453, at 6355 (1974)). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

## ANALYSIS

Plaintiff asserts recusal is appropriate because the undersigned presided over his prosecution in *Ita* (Dkt. #19 at p. 1). Plaintiff's one-and-a-half-page motion is entirely conclusory and includes no affidavit or supporting documentation. Plaintiff baldly states that the undersigned's impartiality "might be reasonably questioned" (Dkt. #19 at p. 1). Plaintiff's Motion also includes a threadbare assertion that the undersigned "has personal bias or prejudice concerning the Plaintiff" and "the subject matter of this case" (Dkt. #19 at p. 1). Providing slightly more detail than his blanket conjectures, Plaintiff claims that the undersigned has "personal knowledge of disputed evidentiary facts in this case" because the undersigned presided over *Ita* (Dkt. #19 at p. 1). In support, Plaintiff claims that the undersigned "repeatedly denied the Plaintiff's bail" in *Ita* (Dkt. #19 at pp. 1). Plaintiff offers nothing more in support of its position.

The Court turns first to the inquiry under § 144. Because Plaintiff's Motion includes no affidavit, § 144 cannot give rise to recusal. *See, e.g.*, *United States v. Alexander*, 726 F. App'x 262, 263 (5th Cir. 2018) (affirming denial of recusal because movant "did not meet the pleading requirement to obtain relief under § 144 because he did not submit the required affidavit delineating

facts and reasons that would convince a reasonable person of the existence of bias"); *Telles v. City of El Paso*, 164 F. App'x 492, 497 (5th Cir. 2006) (holding that a motion to recuse did not comply with § 144, "which clearly requires that a motion to be recuse be supported by an affidavit of the party"). "Affidavits of disqualification must be construed strictly 'for form, timeliness, and sufficiency.'" *Telles*, 164 F. App'x at 497 (quoting *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972)). Here, there is no affidavit to be construed at all. Plaintiff's Motion under § 144 is therefore "procedurally invalid notwithstanding its substance." *See id.* In any event, Plaintiff's Motion states no material facts with particularity. In fact, Plaintiff's Motion offers only one fact— that the undersigned presided over Plaintiff's criminal trial in *Ita* (Dkt. #19 at p. 1). That is neither enough to convince a reasonable person that a bias exists, nor that such bias is personal. Thus, even if the unfounded accusations in Plaintiff's Motion were repeated in an affidavit, they would not be enough to warrant recusal.

Having determined that none of Plaintiff's arguments, construed under § 144, warrant recusal, the Court turns to the second potential statutory avenue: § 445. Plaintiff's Motion fails under § 445, too. Seemingly, the only factual basis that Plaintiff submits might make a reasonable person reasonably question the undersigned's impartiality, *see* § 455, is that the undersigned presided over Plaintiff's criminal case (*See* Dkt. #19 at pp. 1–2). But "there is nothing improper about a single judge presiding over a criminal case and a civil case arising out of the same events." *Bowens v. United States*, No. 2:00CR94-P, 2011 WL 1226885, at *8 (N.D. Miss. Mar. 30, 2011). "[T]here is no constitutional requirement that a trial judge recuse if that judge presided in another criminal proceeding against the defendant." *Bowman v. Dir., TDCJ-CID*, No. 4:14-CV-452, 2017 WL 4322485, at *5 (E.D. Tex. July 10, 2017), *report and recommendation adopted*, No. 4:14-CV-452,

2017 WL 4310219 (E.D. Tex. Sept. 28, 2017). Indeed, as the Fifth Circuit has stated, "familiarity with defendants and/or the facts of a case that arises from earlier participating in judicial proceedings is not sufficient to disqualify a judge from presiding at a later trial." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 965 (5th Cir. 1980). That the undersigned presided over Plaintiff's criminal trial would not warrant reasonable person in believing the undersigned's impartiality is questionable.

Plaintiff also cites no adverse rulings from the prior proceeding that suggest that recusal is warranted here. And even if Plaintiff did, "[a]dverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased." *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "Adverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Here, Plaintiff cites no ruling that would meet that bar, let alone any ruling at all (*See* Dkt. #19).

Finally, Plaintiff's Motion seems to suggest that the undersigned must recuse because the Court has "personal knowledge of disputed evidentiary facts in this case" (Dkt. #19 at p. 1). True, § 455 does require recusal "where [the judge] has . . . personal knowledge of disputed evidentiary facts concerning the proceeding." But the Fifth Circuit has stated that, "'as a general rule, for purposes of recusal, a judge's 'personal' knowledge of evidentiary facts means 'extrajudicial,' so facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 81 (5th Cir. 2011) (quoting *Conkling v. Turner*, 138 F.3d 577, 592 (5th Cir. 1998)). And generally, to trigger recusal, alleged bias "must stem from an extrajudicial

source and result in an opinion the merits on some basis other than what the judge learned from his participation in the case." *Phillips v. Joint Legis. Comm. on Performance & Expenditure Rev. of State of Miss.*, 637 F.2d 1014, 1020 (5th Cir. 1981). Any facts the undersigned knows about Plaintiff's claims here stem exclusively from the Court's adjudicatory role in *Ita* and therefore will not trigger recusal. Neither has Plaintiff made any showing of pervasive bias. *See United States v. Gregory*, 656 F.2d 1132, 1137 (5th Cir. 1981). Accordingly, Plaintiff has not met his burden to show that recusal under § 455 is necessary.

At bottom, Plaintiff bears a "'heavy burden of proof'" to show that the undersigned should recuse. *Fields v. Tex. Dep't of State Health Servs.*, No. 4:16-CV-607, 2018 WL 2933962, at *1 (E.D. Tex. June 12, 2018) (quoting *United States v. Reggie*, No. CRIM.A. 13-111-SDD, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014)). Plaintiff has not carried it here, and the Court perceives no basis for recusal on its own accord. Accordingly, Defendant's Motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Opposed Motion to Recuse (Dkt. #19) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 11th day of July, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE