# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DR. SEGUN PATRICK ADEOYE, § § *Plaintiff,* § § v. § § THE UNITED STATES OF § AMERICA, § § *Defendant.* § | Civil Action No. 4:25-cv-83 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States of America's Motion to Dismiss (Dkt. #12). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

Through this lawsuit, Plaintiff, a medical doctor, seeks to recover damages for violations he claims to have suffered at the hands of the United States of America (the "Government") during his criminal prosecution for his alleged role in various fraud schemes. A jury acquitted Plaintiff. He now seeks recompense. As explained below, Plaintiff's claims are barred by sovereign immunity. Accordingly, the case should be dismissed. But first, some background.

  **I.   Factual Background**

On September 9, 2021, a grand jury indicted Plaintiff with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and one count of conspiracy to commit money

laundering in violation of 18 U.S.C. § 1956(h) (*Ita*, Dkt. #73).[1] The Indictment alleged that Plaintiff and his co-conspirators "obtained at least [seventeen] million dollars" via a "multitude of fraudulent schemes . . . including online romance scams, business email compromise and investor fraud, and unemployment insurance fraud" (*Ita*, Dkt. #73 at p. 3). Law enforcement arrested him days later in the Western District of Texas (Dkt. #1 at pp. 4, 6). He appeared before Judge Griffin for a Rule 5 hearing the next day, where Plaintiff claims the Government filed a "form motion to detain" him but was not present (Dkt. #1 at p. 6). At that point, Plaintiff alleges that he was not assigned counsel nor advised of his right to counsel (Dkt. #1 at p. 6). After attempting to argue that he was not a flight risk, a detention hearing was held (Dkt. #1 at p. 6). Plaintiff avers that the Magistrate Judge ordered Plaintiff to be released, subject to the Government's request to stay his release (Dkt. #1 at p. 6). After the Government so moved and appealed the Magistrate Judge's oral order, Plaintiff was ordered to remain in pretrial detention (Dkt. #1 at p. 7). Plaintiff notes that he was granted bail in May of 2023, but that the Government successfully moved to revoke his bail in June of 2023 (Dkt. #1 at p. 8). Plaintiff claims that, despite his assertion of his right to a speedy trial, several continuances delayed his case (Dkt. #1 at p. 8). On February 26, 2024, Plaintiff's criminal jury trial began (*Ita*, Dkt. #1219). The jury acquitted Plaintiff of both charges on March 15, 2024 (Dkt. #1265, pp. 3–4). This case followed.

## II. Procedural Background

Plaintiff claims that through his entire criminal prosecution, he was "treated as guilty until proven innocent" (Dkt. #1 at p. 9). Even though he was acquitted, he claims to suffer ongoing harm.

---

[1] The Court will cite to the docket in this civil action by referencing the appropriate docket number. *See, e.g.*, (Dkt. #[ ]). Because this case stems from an underlying criminal prosecution, *United States v. Ita*, 4:21-cr-253, the Court will occasionally cite to that case's docket. Citations to *Ita* will be cited as "*Ita*" with a corresponding docket number. *See, e.g.*, (*Ita*, Dkt. #[ ]).

Namely, "catastrophic financial losses" and "irreparable damage to his professional reputation" (Dkt. #1 at p. 9). He also claims that his prosecution has "irreversibly damaged" his family life and left him with post-traumatic stress disorder (Dkt. #1 at p. 9). For this, Plaintiff filed suit. His Complaint asserts three causes of action. First, Plaintiff asserts a claim under 42 U.S.C. § 1983 for a violation of due process under the Fourteenth Amendment (Dkt. #1 at p. 10). Specifically, Plaintiff claims that his due process rights were violated because he was detained pending trial for thirty months because the Government "neglected to perform a timely and comprehensive investigation" before prosecuting him, wrongfully arrested him, denied him "critical legal safeguards," "prevented him from receiving a fair and timely adjudication," and denied him bail (Dkt. #1 at p. 11). Second, Plaintiff charges the Government with violating the Speedy Trial Act of 1974 for "unnecessary procedural delays caused by [the Government's] failure to advance the case" (Dkt. #1 at p. 11). Third and finally, Plaintiff pursues a negligence claim, asserting that the Government was negligent in "failing to investigate the charges [it brought against Plaintiff] adequately, delaying access to legal counsel, and not advancing the case in a reasonable timeframe" (Dkt. #1 at p. 12). For all of this, Plaintiff seeks $320,000,000 in compensatory damages and $50,000,000 in punitive damages (Dkt. #1 at pp. 13–14). He also claims entitlement to a declaration that his Fourteenth Amendment rights and his statutory right to a speedy trial have been violated (Dkt. #1 at p. 14).

On October 22, 2024, Plaintiff initiated this action (Dkt. #1). Soon after, on January 27, 2025, the Government filed the instant Motion to Dismiss (Dkt. #12). Through it, the Government seeks to dismiss this lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The parties exchanged responsive briefing (Dkt. #15; Dkt. #16). Separately, on March 12, 2025, Plaintiff

filed his First Motion for Recusal (Dkt. #19). The Court denied that Motion (Dkt. #23). The Court now takes up the Government's Motion to Dismiss.

## LEGAL STANDARD

### I.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## II.     Rule 12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556

U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Government's Motion mounts a two-fold assault on Plaintiff's claims. First, the Government argues that Rule 12(b)(1) bars Plaintiff's claims (Dkt. #12 at pp. 3–4). That is because, according to the Government, each of Plaintiff's claims are barred under sovereign immunity (Dkt. #12 at pp. 3–9). Alternatively, the Government argues that Plaintiff's Complaint does not state any cognizable claim and should be dismissed under Rule 12(b)(6) (*See generally* Dkt. #12 at pp. 3–9). "Sovereign immunity is jurisdictional." *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 280 (5th Cir. 2002) (citing *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998)). As such, before the Court can proceed any further, it must ensure that sovereign immunity does not prevent it from presiding over the case. *Ramming*, 281 F.3d at 161. As set forth below, each claim should be dismissed under Rule 12(b)(1).

### I. Plaintiff's Due Process Claim

The Court begins with Plaintiff's claim that the Government violated his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution. According to the Government, the Court should dismiss Plaintiff's due process claims under the doctrine of

6

sovereign immunity (Dkt. #12 at p. 6). As the Government points out, "'[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction'" (Dkt. #12 at p. 6) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). Because Plaintiff has sued the United States, by and through its agencies (*See* Dkt. #1 at p. 3), and because the United States has not consented to being sued for the type of constitutional tort claims Plaintiff seeks and thus has not waived its immunity to such claims, the Court lacks jurisdiction (*See* Dkt. #12 at p. 7).[2]

Plaintiff disagrees. According to him, sovereign immunity does not bar his claims because he asserts a claim for wrongful detention and prosecutorial misconduct, both of which fall within the Federal Tort Claims Act's "limited waiver of sovereign immunity for torts committed by federal employes acting within the scope of their employment" (Dkt. #15 at p. 2). Plaintiff further argues that sovereign immunity is of no consequence here because the conduct of which he complains constitutes a *Bivens* claim excepted from sovereign immunity (Dkt. #15 at p. 2). Plaintiff is wrong. Sovereign immunity bars his due process claim.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "The United States government is immune from suit absent an express waiver of its sovereign immunity by federal statute." *Van Meter v. United States*, No. 4:19-CV-64, 2019 WL 5703912, at *2 (E.D. Tex. Nov. 5, 2019) (citing *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2001)); *see also Mitchell*,

---

[2] Separately, the Government claims that Plaintiff cannot sue the United States under § 1983 because it applies only to state actors—not federal actors (Dkt. #12 at p. 7). True, but that argument sounds in 12(b)(6). Thus, though the Court agrees that § 1983's inapplicability provides an independent basis to dismiss Plaintiff's claim, the Court disposes of this claim under Rule 12(b)(1) in keeping with sovereign immunity's jurisdictional nature. *See Ramming*, 281 F.3d at 161.

463 U.S. at 212 ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). As the Fifth Circuit has recognized time over, "the United States has not consented to suit under the civil rights statutes." *Unimex, Inc v. U.S. Dep't of Hous. and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979); *see also Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999) ("[The Fifth Circuit] has long recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity."); *Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002) (same). Because Plaintiff's Complaint seeks to assert a claim under the civil rights statutes and the United States has not consented to suits for such claims, Plaintiff's claim here is barred by sovereign immunity. *See Shalala*, 164 F.3d at 286.

Sovereign immunity notwithstanding, Plaintiff attempts to save this cause of action from dismissal by attempting to couch it as a *Bivens* claim (*See* Dkt. #15 at p. 2). That argument is unavailing. Certainly, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* "provides a cause of action only against government officers in their individual capacities." *Shalala*, 164 F.3d at 286 (citing *Bivens*, 403 U.S. 388 (1971)). But as the Government puts it, "[t]his is not a *Bivens* case" (Dkt. #16 at p. 2). Indeed, precisely *nothing* in Plaintiff's Complaint suggests otherwise. Plaintiff's Complaint does nothing to attempt to state such a claim other than baldly assert in his Response that his claim may be pursued under *Bivens* (*See* Dkt. #1; Dkt. #15 at at p. 2). That is not enough. Fundamentally, Plaintiff's Complaint is also deficient because it mentioned no individual connected to the conduct complained of at all (*See* Dkt. #1). The Court will not read in a *Bivens* claim where none exists.

## II. Plaintiff's Speedy Trial Act Claim

The Court turns next to Plaintiff's claim under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 ("STA"). The Government argues that Plaintiff's claim under the STA should be dismissed for reasons similar to those which require the dismissal of Plaintiff's § 1983 claim. Namely, the Government argues that, because the United States has not waived its sovereign immunity for STA claims and because the STA does not create a private right of action, Plaintiff's claim pursuant to the STA should be dismissed (Dkt. #12 at p. 8).

Predictably, Plaintiff disagrees. Though Plaintiff concedes that the STA "does not expressly authorize civil lawsuits for damages," he maintains that "violations of the STA raise significant due process concerns under the Fifth Amendment," which he may pursue under *Bivens* (Dkt. #15 at p. 3). Plaintiff does not otherwise meaningfully respond to the Government's argument that the claim is barred by sovereign immunity (*See* Dkt. #15 at p. 3).

Once more, the Government is right. As a threshold matter, Plaintiff concedes that "the STA does not create a private right of action" (Dkt. #15 at p. 3). Rightly so. It does not. *See* 18 U.S.C. §§ 3161–74. And as Courts have addressed, an STA violation will not give rise to an FTCA claim, either. *See Tigano v. United States*, 527 F. Supp. 3d 232, 254 (E.D.N.Y. 2021) (dismissing FTCA claim for negligent violation of STA because STA does not include a private analog) (citing *Akol v. Carney*, No. 20-cv-26 (SPB), 2020 WL 3034830, at *2 (W.D. Pa. June 5, 2020) (finding that the "federal 'Speedy Trial Act' . . . does [not] afford a private right of action to aggrieved individuals")). The only remedy for a violation of the STA is dismissal of an indictment. *Strunk v. United States*, 412 U.S. 434, 440 (1973) (quoting *Barker v. Wingo*, 407 U.S. 514, 531 (1972) ("In light of the policies which underlie the right to a speedy trial, dismissal [of the indictment] must remain . . . 'the only possible remedy.'")). To the extent that Plaintiff seeks to pursue a constitutional tort

9

claim for a violation of his speedy trial right, that claim is similarly barred. "[C]onstitutional tort claims are not cognizable under the FTCA." *Tyson v. United States*, No. 4:23-CV-00981-SDJ-AGD, 2024 WL 4336732, at *5 (E.D. Tex. Sept. 27, 2024) (citing *Meyer*, 510 U.S. at 478); *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010) ("Constitutional torts, of course, do not provide a proper predicate for an FTCA claim.").

Plaintiff's Complaint does not present any theory of recovery under the STA that would allow the Court to engage with it any further (*See* Dkt. #1). And Plaintiff "'bears the burden of showing Congress's unequivocal waiver'" of sovereign immunity. *Franklin v. United States*, 49 F.4th 429, 434 (5th Cir. 2022) (quoting *Freeman v. United States*, 556 F.3d 326, 224 (5th Cir. 2009)). Plaintiff's claims "must be 'brought in exact compliance with the terms of a statute under which the sovereign has consented to be sued.'" *Id.* (quoting *Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007)). Plaintiff has not carried his burden here. He has not even attempted to demonstrate that his STA cause of action is in "exact compliance with the terms of a statute under which the sovereign has consented to be sued." *See id.* Neither has Plaintiff pleaded a cognizable legal claim under Rule 12(b)(6). Thus, Plaintiff's STA claim must be dismissed.

### III.     Plaintiff's Negligence Claim

Last, the Court turns to Plaintiff's final cause of action—his FTCA claim. The Government's argument that it should be dismissed is a familiar one. That is, the Government contends that Plaintiff's negligence claim is barred by sovereign immunity (Dkt. #12 at p. 8). The Government notes that the United States has not waived its sovereign immunity against negligence claims for which the Plaintiff has not exhausted his administrative remedies (Dkt. #12 at pp. 8–9). Because Plaintiff has not pleaded any facts indicating the satisfaction of the exhaustion requirement, the Court lacks jurisdiction over that claim, so the argument goes (Dkt. #12 at p. 9).

Plaintiff, again, disagrees. He alleges that he has exhausted the administrative remedies available to him such that his negligence claim may proceed (Dkt. #15 at p. 4). Specifically, he claims that he "has properly notified the relevant federal agencies and has taken all necessary steps to comply with 28 U.S.C. § 2675(a), which requires filing an administrative claim before bringing suit" (Dkt. #15 at p. 4). Accordingly, Plaintiff argues that he has done what the law requires of him—"the [G]overnment's failure to act on [the administrative claim] or resolve the claim in a timely manner should not bar Plaintiff from seeking relief" (Dkt. #15 at p. 4). For a third time, the Government's position wins the day.

"The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government." *Tsolmon v. United States*, 841 F.3d 378, 383 (5th Cir. 2016) (citing 28 U.S.C. § 2674); *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). Whether the FTCA applies to a particular claim is a jurisdictional issue properly addressed under Rule 12(b)(1) because that question contemplates whether the United States has waived sovereign immunity. *Id.* (citing *Willoughby v. United States ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013)). For a claim arising under the FTCA to properly be before a court, the plaintiff must have exhausted all administrative remedies available to him by presenting the claim to the appropriate federal agency. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222–23 (5th Cir. 1989) (citing 28 U.S.C. § 2675(a)). Only after the appropriate agency has either denied the claim or has not taken any action within six months since filing may a FTCA plaintiff proceed to file suit in federal court. *Id.* This exhaustion requirement is a jurisdictional one that must be satisfied for the Court to exercise jurisdiction. *Id.* Plaintiff bears the burden of proof on this issue. *Hinds v. Roper*, No.

CIV.A.3:07CV0035-B, 2007 WL 3132277, at *3 (N.D. Tex. Oct. 25, 2007) (citing *Ramming*, 281 F.3d at 161).

Plaintiff has not carried that burden here. Plaintiff has not offered any evidence to show that he has exhausted his administrative remedies (*See* Dkt. #1). In an attempt to respond to the Government's argument to the contrary, Plaintiff states that he has "properly notified the relevant agencies" and asserts that he has "taken all necessary steps to comply with [the exhaustion requirement], which requires filing an administrative claim" (Dkt. #15 at p. 4). Then, Plaintiff appears to claim that the Government "fail[ed] to act on" the "detailed notice" Plaintiff submitted to "the appropriate federal agency" (Dkt. #15 at p. 4). Not only does Plaintiff fail to note which agency he tendered his "detailed notice" to, but Plaintiff's argument ignores that he must wait until that agency has denied the claim or has taken no action within six months before pursuing it in court. *See* 28 U.S.C. § 2675(a). Plaintiff offers nothing more, and that will not suffice to establish the Court's jurisdiction. That is enough to dismiss his claim without prejudice. *See, e.g.*, *Matz v. Fed. Bureau of Prisons*, No. EP-05-CA-408-DB, 2007 WL 496713, at *5 (W.D. Tex. Jan. 12, 2007) (dismissing claims under the FTCA where plaintiff had not "provided the Court with evidence that he has exhausted his administrative remedies under the FTCA."); *see also Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987) (affirming dismissal of FTCA claim on summary judgment where the record showed "no proof of the filing of an administrative claim . . . presented to the district court, let alone proof that the claim was acted on or that six months had passed").

To make matters worse, contrary to Plaintiff's representation to the contrary, the Government has actually proven via uncontroverted declarations that Plaintiff has not filed an administrative claim. First, the Declaration of William L. Harris, the Unit Chief of the Discovery

Unit II of the FBI, has sworn that a search of their internal system "did not locate any administrative claim submitted to the FBI or on behalf of . . . Plaintiff" (Dkt. #16-1 at p. 3). Second, the Declaration of Elijah F. Jenkins, a Supervisory Technical Support Specialist within the Department of Justice, has sworn that he has searched "the appropriate Records Systems within the Civil Division of the Department . . . and there is no record of an administrative claim being presented by [Plaintiff]" (Dkt. #16-2 at p. 3). Plaintiff's inexplicable misrepresentation that he had filed such a claim only serves to underscore what appears to be the borderline frivolous nature of his lawsuit. Because Plaintiff has not exhausted his administrative remedies, the Court lacks jurisdiction to entertain his FTCA claim. *See McAffee*, 884 F.2d at 222–23 (5th Cir. 1989)

\*     \*     \*

Even if sovereign immunity did not apply, the Court would nonetheless dismiss each of Plaintiff's claims under Rule 12(b)(6). Plaintiff's Complaint is wholly deficient and borders on frivolous. It does not present a cogent theory of liability on any claim any more than it fails to establish the legal elements of whatever claims Plaintiff seeks to assert. Plaintiff's Response claims—for the first time—that Plaintiff brings causes of action for "false imprisonment, abuse of process, and negligent investigation" (Dkt. #15 at p. 4). His Complaint patently does not (*See* Dkt. #1). The Court will not scour his Complaint in an effort to create a cogent theory of liability where none otherwise exists. At bottom, Plaintiff's claims, as the Court understands them, are barred by sovereign immunity under Rule 12(b)(1) and should also be dismissed as deficient under Rule 12(b)(6).

## CONCLUSION

It is therefore **ORDERED** that United States of America's Motion to Dismiss (Dkt. #12) is hereby **GRANTED**. Plaintiff's § 1983 and Speedy Trial Act Claims are hereby **DISMISSED with prejudice**. Plaintiff's claim under the Federal Tort Claims Act is **DISMISSED without prejudice**. The Clerk is directed to close this civil action.

    **IT IS SO ORDERED.**
    **SIGNED** this 23rd day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE